Dear Mayor Bounds:
You have requested an opinion of this office regarding the powers of the Board of Aldermen to mandate a five percent (5%) cost of living salary increase to non-elected municipal employees who are under the supervision of the mayor.
Louisiana Revised Statute 33:404 states:
 A. The mayor shall have the following powers, duties and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provision of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
* * *
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of the police department with an elected chief of police.
Attorney General Opinion No. 97-492 states:
 As to employees who are not deemed to be municipal officers, it is the opinion of this office that it is appropriate for the mayor to determine if a pay raise is merited, and the amount thereof.
 With reliance upon Bourgere v. Anzelmo, 517 So.2d 1121 (La.App. 1987), it was concluded in Atty. Gen. Op. No. 90-112 that an ordinance giving a committee the power to hire, fire or suspend, or even participate with the Mayor
was invalid. (Emphasis added). Citing the Bourgere case, the opinion noted that the Mayor's right to hire and fire is subject only to the "policies and procedures" promulgated by the board of aldermen, and then quoted the court as saying, "This duty to enact policies and procedures does not extend to the right to make individual decisions." It was recognized while the aldermen's authority to promulgate the policies and procedures for the hiring and firing extends to such things as qualifications, limiting the number of employees, and office hours, they do not have the authority to do the hiring, firing or disciplining. (Attorney General Opinion 98-58).
Attorney General Opinion 99-23 addresses the issue of the mayor's authority to appoint an assistant without the approval of the Board of Aldermen concluding that "while the mayor may appoint an assistant without the approval of the Board of Aldermen, this appointment is meaningless until the salary is budgeted."
Finally, Attorney General Opinion No. 99-23 states:
 Regardless of whether it is the mayor or the board of aldermen who determine whether a particular officer or employee is given a raise, the money for the raise must be budgeted in accordance with the requirements of the Local Government Budget Act, La.R.S. 39:1301 et seq.
In conclusion, it is appropriate for the mayor to determine if a pay raise is merited as to employees who are not deemed to be municipal officers; however, the money for the raise must be budgeted in accordance with the requirements of the Local Government Budget Act, La.R.S. 39:1301et seq.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ SUE McNABB Assistant Attorney General
RPI:SM/sfj
DATE RELEASED: September 6, 2002